ROUBAIX MILLS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4628.    Promulgated July 30, 1927.

Additional compensation voted to the officers of petitioner in 1920 *held* not deductible from 1919 income.

*J. R. Little, Esq.,* for the petitioner.
*George G. Witter, Esq.,* for the respondent.

This proceeding is for the redetermination of a deficiency in income and profits taxes for the year 1919 in the amount of $12,495.74. Only so much of the deficiency is in controversy as arises from the disallowance by the respondent as a deduction from gross income of the amount of $18,500 paid by the petitioner to its officers as additional compensation for the year 1919.

FINDINGS OF FACT.

The petitioner is a New York corporation with its principal office and place of business at Clinton, Mass. It is and was during the years 1919 and 1920, engaged in manufacturing woolen cloth. All of its capital stock was, during the year 1919, owned by Benjamin F. Haas and Albert Haas in the proportion of about 65 per cent and 35 per cent, respectively. Paul E. Meissner was president and general manager of the corporation, B. F. Haas was vice president and financial manager, Albert Haas was assistant treasurer and sales manager, C. B. Speckman was secretary and treasurer, and Louis Haas was assistant treasurer. P. E. Meissner, B. F. Haas and Albert Haas constituted the board of directors of the corporation. Meissner resided at Clinton, Mass., and B. F. Haas and Albert Haas resided and had their place of business at New York City.

The meetings of the board of directors of the petitioner were usually informal and were conducted about as follows: When Meissner was in New York, which was usually about once each month, Louis B. Epstein, attorney and business adviser of the corporation, would be called to the office of B. F. Haas and Albert Haas, and the affairs of the corporation would be considered and matters of policy agreed upon by the three directors and Epstein. Occasionally Epstein would have the minutes of these informal meetings recorded but that was not the usual practice.

At a formal meeting of the board of directors of the corporation held at its New York office on August 8, 1919, the compensation of its officers for the year 1919 was fixed by resolutions duly adopted as follows:

The Chairman then stated that the business before the board was to provide payment for the salaries to the officers and managers of the corporation for the services rendered by them in the past, and to arrange for their salaries for services to be rendered in the future, and also to discuss, in a general manner, the matter of the building operations to be undertaken by this corporation.

The Chairman further stated that he, both as President and General Manager of the corporation, had rendered considerable service to the corporation to date, as had also Benjamin F. Haas, as financial manager of the corporation and vice-president thereof, and also Albert Haas, assistant manager and sales manager of the corporation. That as yet no payment had been made for these services and that it was requisite that due compensation should be made to these officers and managers for the services rendered by them in the past, which have been very valuable and beneficial to the corporation, and that an arrangement be made for payment for their future services.

On motion duly adopted, it was

RESOLVED, that this corporation pay to Paul E. Meissner, the sum of $6,000, in payment of the services rendered by him in the past up to the 1st day of July, 1919, as president and general manager, and that for the period from July 1st to the end of the year 1919, his salary be fixed at the rate of $1,000 per month.

Mr. Meissner, although present, took no part in the vote upon this resolution.

On motion duly adopted, it was

RESOLVED, that this corporation pay to Benjamin F. Hass the sum of $6,000, in payment of the services rendered by him in the past up to the first day of July, 1919, as financial manager of this corporation, and also vice-president thereof, and that for the period from July 1st to the end of the year 1919, his salary be fixed at the rate of $1,000 per month.

Mr. Benjamin F. Haas although present, took no part in the vote upon this resolution.

On motion duly adopted, it was

RESOLVED, that this corporation pay to Albert Haas the sum $6,000, in payment of the services rendered by him in the past up to the first day of July, 1919, as sales manager and assistant general manager of the corporation, and that for the period from July 1st to the end of the year 1919, his salary be fixed at the rate of $1,000 per month.

Mr. Albert Haas, although present, took no part in the vote upon this resolution.

On motion duly adopted, it was

RESOLVED, that Louis B. Haas be appointed assistant treasurer of the corporation to serve in accordance with the by-laws until the next annual election, and that his compensation be fixed at the rate of $1,000.

On motion duly adopted, it was

RESOLVED, that this corporation pay to Louis S. Haas the sum of $500 as payment for services rendered by said Louis S. Haas for this corporation in the past.

On motion duly adopted, it was

RESOLVED, that the salary of Miss Bertha C. Speckman as secretary of the corporation, be fixed at $500 per year.

On motion duly adopted, it was

RESOLVED, that this corporation pay to Miss Bertha C. Speckman the sum of $250 in payment of the services heretofore rendered for this corporation by the said Miss Bertha C. Speckman.

It was also informally agreed by the directors that in addition to the salaries of the officers formally authorized and recited in the minutes, additional compensation would be paid them for the year 1919, provided the same standard of efficiency in the operation of the mills was maintained during the period July 1, to December 31, 1919, as had been maintained during the period January 1, to January 30.

At informal meetings of the board of directors held during the remainder of the year 1919, the matter of additional compensation for the officers was discussed and, it being shown that the operation of the mills was being maintained at the same degree of efficiency that had obtained during the first six months of the year, it was understood among the directors that additional compensation would be paid.

At a formal meeting of the board of directors of the petitioner held on January 16, 1920, additional compensation for the year 1919 was voted and ordered paid by a resolution which is in part as follows:

The Chairman then stated that the Board should consider the question of additional compensation to be paid for services rendered by the officials and employees of the corporation.

That at a meeting of the board of directors held on August 8th last, such additional compensation had been voted up to the first day of July, and that the Board should now consider the additional payment from said date to December 31st.

After due discussion, it was on motion duly adopted:

RESOLVED, that this corporation pay to Paul E. Meissner the sum of $6,000, as additional payment for services rendered by him as president and general manager from July 1st, 1919, to December 31st, 1919. (Mr. Meissner, although present, took no part of the vote on this resolution.)

On motion duly adopted, it was

RESOLVED, that this corporation pay to Benjamin F. Hass the sum of $6,000 as additional payment for services rendered as vice-president and financial manager from July 1st, 1919, to December 31st, 1919. (Mr. Haas, although present, took no part on the vote on this resolution.)

On motion duly adopted, it was

RESOLVED, that this corporation pay to Albert Haas the sum of $6,000, as additional payment for services rendered as Sales Manager and Treasurer from July 1st, 1919, to December 31st, 1919. (Mr. Haas although present, took no part of the vote on this resolution.)

On motion duly adopted, it was

RESOLVED, that this corporation pay to Louis S. Haas the sum of $500 as additional payment for services rendered as Assistant Treasurer from July 1st, 1919, to December 31st, 1919.

On motion duly adopted, it was

RESOLVED, that this corporation pay to Bertha C. Speckman the sum of $250.00 as additional payment for services rendered as secretary from July 1st, 1919, to December 31st, 1919.

The additional compensation so authorized was accrued on the books of the corporation as of December, 1919, before the books of that year were closed, and it was paid to the several persons named by vouchers and checks dated January 21, 1920. The petitioner's books were kept on the accrual basis.

The respondent disallowed $18,500 of the additional compensation paid to the petitioner's officers pursuant to the resolution of January 16, 1920, as a deduction from petitioner's gross income for the year 1919.

OPINION.

MARQUETTE: Two questions are presented by the record in this proceeding, namely, were the additional salaries for the year 1919 authorized by the petitioner's board of directors on January 16, 1920, reasonable in amount and, if so, are they proper deductions in computing the petitioner's net income for 1919?

We are of the opinion that the additional salaries in question are not properly deductible in the year 1919 even if they are reasonable compensation for the services rendered by the persons to whom they were paid, and it is therefore not necessary to decide whether or not they are reasonable. The record fairly established that when the directors formally fixed the compensation of the petitioner's officers for the first six months of 1919 and the regular salaries for the last · six months in 1919, they informally agreed or understood among themselves that if the efficiency of operations and the consequent profits were maintained for the last six months of the year at the same high level that had obtained during the first six months, extra compensation would be paid for that period. However, this appears to have been a mere understanding or agreement among the directors which had no binding effect and it did not create an obligation that could have been enforced against the petitioner. Furthermore, even if the informal agreement or understanding among the board of directors may be construed as binding on the corporation, there is no evidence that there was any agreement as to the amount of extra

compensation that would be paid. In the *Appeal of Van De Kamps Holland Dutch Bakers*, 2 B. T. A. 1247, in considering when additional compensation authorized and paid under circumstances similar to that in the instant case was deductible, we said:

> It remains to determine in what year the deduction is to be allowed. Was the obligation incurred in the year when the services were rendered or was it incurred when the additional compensation was voted. Until it was voted there was nothing·more than a moral obligation; there was no legal obligation which could be enforced. We must accordingly hold that the $7,000 of additional compensation, voted in 1920 for services rendered in 1919, was an obligation incurred in 1920 and is deductible in that year and not in 1919.

In the *Appeal of Arter Paint & Glass Co.*, 2 B. T. A. 1256, the facts were that in December, 1919, at an informal conference, the stockholders of the corporation agreed that the salaries paid in the past to two of its officers were insufficient and should be increased for 1919, but no amount was agreed upon and no formal action taken by the stockholders until 1920, when additional salaries for the two officers were authorized for the year 1919. This Board approved the determination of the Commissioner that the additional salaries were not proper deductions from the taxpayer's income for 1919. The two decisions cited were followed by the Board in the *Appeal of Randall Brothers, Inc.*, 4 B. T. A. 291.

Upon the authority of the decisions in the *Appeals of Van De Kamps Holland Dutch Bakers, Arter Paint & Glass Co.*, and *Randall Brothers, Inc., supra*, we affirm the determination of the respondent in disallowing the additional salaries in question as a deduction from petitioner's gross income for 1919.

*Judgment will be entered for the respondent.*

Considered by PHILLIPS, MILLIKEN and VAN FOSSAN.